# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DUPRE,** | : | **CIVIL ACTION NO. 1:04-CV-1960** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN ASHCROFT, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of August, 2005, upon consideration of the order of court (Doc. 20) directing plaintiff to file, on or before August 1, 2005, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and of the previous order of court (Doc. 19) directing plaintiff to file a brief in opposition to defendants' motion to dismiss (Doc. 15), and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it appearing that plaintiff has not filed a response or brief in opposition to the motion to dismiss as of the date of this order, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), that plaintiff, acting *pro se* in this action, was advised of the necessity of

responding to defendants' motion and to orders of court and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion to dismiss (Doc. 15), see Poulis, 747 F.2d at 868 (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motion or orders of court (Docs. 15, 19, 20) or to file any documents in the above-captioned case since the filing of the complaint (Doc. 1) on September 3, 2004, constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court (Docs. 19, 20) when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motion[1] and because plaintiff is proceeding *in forma pauperis* in this action (Doc. 7), see Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's claim likely lacks *prima facie* merit (see Docs. 1, 15, 16), see Poulis at

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby

ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge